## CHEATHAM v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co
No 11171. Decided Nov 24, 1930

Harold T. Gassaway, Cleveland, for Cheatham.

Harold H. Burton, Cleveland, for State.

**VICKERY, PJ.**

Now the law is well settled in Ohio, and we have decided a number of cases, that where the accusations are made in the presence of the defendant, if she admits the truth of them or stands silent, they are admissible. But if she denies the truth of them, then the statements made in the presence of officers and the defendant, are not admissible. The only way to get that testimony in is by producing the witness,— in this case, Ruby Smith,—and that is a salutary rule; otherwise, a person could make statements, and no matter how vociferously the defendant might deny the truth of them by not producing the witness, of if the witness who made the statement could not be introduced, the officers' testimony could be introduced and the admission would have its effect upon the judgment of the court or the jury. So the rule adopted is that where the defendant denies, the parties who heard these admissions are not competent witnesses to testify, and if the party who made the statements cannot be produced in court so that she or he can be cross examined, the evidence must be ruled out.

We ourselves have held that in many cases, and we think it to be a sound and salutary rule.

We think the admission of the statement of Ruby Smith through the officers in this case, notwithstanding the denial of the defendant, was prejudicial, and for that reason the judgment of the court below must be reversed.

Judgment reversed and couse remanded to the Municipal Court for a new trial.

Levine, J, concurs. Cline, J, not participating.